**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KECIA HUCKLEBY, JOHN HUCKLEBY
and RHONDA HUCKLEBY,

    Plaintiffs,

v.                              Case No. 3:06-cv-333-J-33HTS

MARK MASTERS, JOHN T. LEE, and
JOHN T. LEE, INC., a Georgia
Corporation,

    Defendants.
_____

**O R D E R**

This cause is before the Court on the following matters:

1. Plaintiffs' Amended Motion for Leave to File Amended Complaint to Add Additional Defendant (Doc. #16; Motion), which renders **MOOT** Plaintiffs' Motion for Leave to File Amended Complaint to Add Additional Defendant (Doc. #12). It is represented Defendants do not oppose the Motion. Motion at 1-2. Upon consideration, the Motion (Doc. #16) is **GRANTED** and the Clerk of the Court is directed to file the Amended Complaint submitted therewith.

2. Defendants/Third-Party Plaintiffs, Mark Masters, John T. Lee and John T. Lee, Inc.'s, Unopposed, Amended Motion for Leave to File Third-Party Complaint Against Chandler J. Crumbley (Doc. #13; Motion to File Third-Party Complaint), which renders **MOOT** Defendants/Third-Party Plaintiffs, Mark Masters, John T. Lee and

John T. Lee, Inc.'s, Motion for Leave to File Third-Party Complaint Against Chandler J. Crumbley (Doc. #9). Because the Court has permitted the filing of an Amended Complaint naming Mr. Crumbley as a Defendant, the Motion to File Third-Party Complaint is **DENIED**. Movants may, however, contemplate bringing a cross-claim pursuant to Rule 13(g), Federal Rules of Civil Procedure. To avoid confusion, Defendants/Third-Party Plaintiffs, Mark Masters, John T. Lee and John T. Lee, Inc.'s, Third-Party Complaint Against Chandler J. Crumbley (Doc. #10), and Defendants/Third-Party Plaintiffs, Mark Masters, John T. Lee and John T. Lee, Inc.'s, Amended Third-Party Complaint Against Chandler J. Crumbley (Doc. #14), filed without authorization, are **STRICKEN**.

    3. Defendants, Mark Masters, John T. Lee and John T. Lee, Inc.'s, Unopposed Motion to Release Records (Doc. #17; Motion to Release). Defendants have sought medical records related to Plaintiff Kecia Huckleby through a subpoena issued to Brooks Rehabilitation Institute (Brooks). *See* Motion to Release at 1. Brooks responded by requiring "an Authorization for Release of Protected Health Information" signed by Ms. Huckleby. *Id.* at 2. It is represented Plaintiff, through counsel, consents to entry of an order for the release of these records. *Id.* Nonetheless, due to the "firm's policy[,]" counsel is unwilling to allow an authorization form to be executed. *Id.*

- 2 -

Given that Plaintiff is apparently unopposed to the release of the records at issue, the Court is of the view she should simply sign the requested authorization. *Cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam) (recounting district court's order that plaintiff provide releases authorizing production of medical records; affirming dismissal of action where plaintiff's misdeeds included failure to comply with such order). It is unclear what benefit is to be derived from the approach advocated as compared to the execution of a release. Accordingly, the Motion to Release (Doc. #17) is **GRANTED** to the extent Plaintiff Kecia Huckleby shall, within five (5) days from the date of this Order, authorize the release of medical records related to her care maintained by Brooks Rehabilitation Institute.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of July, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
    and *pro se* parties, if any